UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                CASE NO. 8:13-cr-533-RAL-TGW

ROY ROGER OSORIO-AVILA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause came on for consideration upon the defendant's Emergency Motion for Compassionate Release and Reduction of Sentence Due to Covid-19 Pandemic (Doc. 150). The United States filed a response in opposition (Doc. 154), and the defendant filed a reply (Doc. 155). United States District Judge Richard A. Lazzara referred the matter to me for a report and recommendation (see Doc. 156).

On May 2, 2014, the Court sentenced Mr. Osorio-Avila to 108 months of imprisonment after he pled guilty to conspiracy to possess with the intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States (Doc. 72; Doc. 154, p. 2). The defendant is currently incarcerated at Dalby Correctional Institution in Post, Texas (Doc. 154, p. 3). He is projected to be released on July 6,

2021; thus, he has served nearly his entire prison sentence (id.).

On March 11, 2020, following the defendant's imprisonment, the World Health Organization characterized the COVID-19 virus as a pandemic. WHO Director-General's opening remarks at the media briefing on COVID-19, World Health Organization, https://www.who.int/director-general/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020. That same month, the President of the United States officially declared a national emergency due to the virus.

In his motion, Mr. Osorio-Avila requests that the Court modify or reduce his sentence to release him from federal prison due to the COVID-19 pandemic. The defendant asserts that his health conditions—hypertension, diabetes, chronic rhinitis, and kidney problems—and his various medications to prevent blood clots "are comorbidities with COVID-19" given his age (Doc. 150, p. 3; Doc. 155, p. 3). As a result, the defendant argues that his chance of surviving is "zero to none" if he were to contract COVID-19 (Doc. 150, p. 3).

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant after he has fully

2

exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or after 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. 3582(c)(1)(A); see also United States v. Celedon, 353 Fed. Appx. 278, 280 (11th Cir. 2009). To warrant a reduction of his sentence in this case, Mr. Osorio-Avila must present "extraordinary and compelling reasons." 18 U.S.C. 3582(c)(1)(A)(i).

After reviewing the applicable law and facts, I recommend finding that Mr. Osorio-Avila is not entitled to relief. The defendant has exhausted his administrative remedies (see Docs. 150-1, 150-2). However, I find that Mr. Osorio-Avila has not demonstrated extraordinary and compelling reasons warranting a modification of his sentence based on his age or medical conditions.

The Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including (1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in his physical or mental health, and he

3

has served at least 10 years or 75 percent of his prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP. See U.S.S.G. § 1B1.13.

The defendant is 61 years old and has some known health conditions (see Docs. 154, p. 3; 150-3). The defendant argues that his diabetes and other medical conditions put him at greater risk if he contracted COVID-19. Although the Center for Disease Control acknowledges that the risk of severe complications from COVID-19 increases with age, there is no bright-line rule. Moreover, as the government asserts in its response, the defendant is receiving medical care in prison (Doc. 154, p. 3). His medical records indicate that his medical condition is generally stable and under control. Medical notes from August 2019 state "Type 2 Diabetes controlled with diet and exercise. No medication needed" (Doc. 150-3, p. 21). Medical notes from September 2019 indicate that his hypertension was "moderate" in severity, but that the defendant was compliant with his treatment plan (id., p. 44).

General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence as set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13. See United States v. Raia, 954

4

F.3d 594, 597 (3d Cir. 2020) ("But the mere existence of COVID-19 in society and the possibility that it may spread to particular prison alone cannot independently justify compassionate release."). Moreover, this Court has previously found that diabetes and kidney disease are not medical conditions that "qualify as extraordinary and compelling reasons entitling [a prisoner] to compassionate release." United States v. Cover et al, Case No. 8:06-cr-366-RAL-TGW at Doc. 250.

Mr. Osorio-Avila requests that, if his motion is granted, he be permitted to reside with his family upon deportation back to Colombia (Doc. 150, p. 3). As the government argues persuasively, there is no reason to believe that the defendant's likelihood of exposure to COVID-19 would decrease if he returned to Colombia (Doc. 154, p. 13). In fact, Mr. Osorio-Avila might have a better opportunity to become vaccinated by remaining at Dalby Correctional Institution, given the BOP's vaccine implementation plan. See Federal Bureau of Prisons, COVID-19 Coronavirus, COVID-19 Vaccine Implementation, https://www.bop.gov/coronavirus/.

Accordingly, I recommend that the Emergency Motion for Compassionate Release and Reduction of Sentence Due to Covid-19 Pandemic (Doc. 150) be denied.

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: APRIL 28, 2021.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.